**DEBT.**

*Case* 39.

## Blackaby's Administrator *vs* Sarten, &c.

ERROR TO THE GARRARD CIRCUIT.

*Set-ffo. Pro-rata distribution of estates.*

*January* 10.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE case of *Powell* vs *Hogue*, (8 *B. Monroe*, 443,) establishes the doctrine, from which we see no reason to depart, that in an action against two or more defendants, upon their joint note or obligation, the separate

*In an action upon a joint note against two or more defendants the separate de-*

demand of one of them against the plaintiff, may be pleaded as a set-off. Upon this principle the Court properly overruled the instruction moved for by the plaintiff, to the effect that such set-off could not be allowed.

BLACKABY'S AD.
vs
SARTEN, &c.

mand of one of them against the plaintiff may be set off against plaintiff's demand. (Powell vs Hogan, 8 B. Monroe, 43.)

We are also of opinion that the Court properly refused to allow the plaintiff to prove that her intestate, the payee of the note sued on, had died insolvent, and that a bill had been prepared under the act of 1839, (3 *Stat. Law*, 240,) to refer the settlement and administration of his estate to a Court of equity. It is contended that as the notes offered by way of set-off, had been assigned to the defendant after the death of the intestate, the consequence of allowing the set-off is, that these notes will be fully paid, when if, as was offered to be proved, the estate of the intestate was insolvent, all other debts must be in part unpaid, and the payees of these notes would thus, by assigning them to a debtor of the insolvent estate, acquire an advantage which did not belong to them as mere creditors, according to the principle and spirit of the act referred to. But although the act declares that in the administration of estates all debts shall be of equal dignity, and shall, in case of insolvency, be paid ratably as thereinafter declared, it does not, by its own force, prevent or interfere with the ordinary legal remedies which might disturb the equality and ratable payment for which it provides. But placing it in the power of the personal representative and of any creditor, to secure the benefit of the act by a resort to the tribunal appointed to carry it into effect, it leaves them subject to any hazard or loss which may be consequent upon a failure to adopt the remedy which it prescribes for its own enforcement. Until a bill is filed for a settlement of the estate according to the act, the executor may, at his peril, proceed to pay any debts which are presented, and any creditor may proceed to enforce his demand at law. But either of them may file a bill bringing the settlement and administration of the estate into a Court of equity, and the Chancellor having possession of the case is expressly authorized to

BLACKABY'S AD.
*vs*
SARTEN, &c.

'An assignee of a demand against the estate of a decedent, may sue for or set off any demand against the estate or plead it at any time before bill filed, injoining proceedings by creditors preparatory to a pro rata distribution under the statute of 1839.

restrain any proceeding at law which might disturb the proper effect of the act.

If then an action be brought against the administrator of an insolvent estate, it is no answer to the action to say, that the estate is insolvent and the administrator is about to file a bill, &c. This right to file a bill is of no avail whatever in a Court of law, until it is actually exercised, when the Chancellor may, by his order, restrain any creditor from proceeding at law. And even then the Chancellor might, perhaps, be left to the exertion of his own powers against the party for the enforcement of the order, which might not be received as a plea of course in the Court of law. But be this as it may, the right to obtain it, or the intention to obtain it, or any preparation made for obtaining it, could form no legal obstruction to the proceeding at law, so long as it was not in fact obtained. And even if a reasonable excuse for not having obtained it, coupled with such preparation as evinced an intention so to do, might place the administrator upon the same ground as if he had obtained it, no such excuse is pretended in this case, but it is apparent that between the service of the notice of set-off in this case, and the time of the trial, there was ample time for filing a bill and obtaining the necessary restraining order, which might doubtless be granted against the assertion of a claim by way of set-off, in violation of the principle of the act, as well as against its assertion by way of action. Whether under the principle of the act, any discrimination should or can be made in equity, between the right of set-off by a debtor to the estate, having an original claim against it, and the right of set-off by a debtor who acquires, after the death of the insolvent, a claim against his estate from one who was a creditor and not a debtor, need not be decided in this case.

The Court of law can certainly make no such discrimination. But as the original payee or claimant, might enforce his demand by action or by way of set-off, until restrained by the Chancellor, so may his as-

signee enforce it in either mode, until actually restrained from so doing.

Wherefore, the judgment is affirmed.

*Dunlap* for plaintiff; *Burton* for defendant.